UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IAN O.,

                Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**DECISION AND ORDER**

1:20-CV-00599 EAW

## <u>INTRODUCTION</u>

Represented by counsel, plaintiff Ian O. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 11; Dkt. 12), and Plaintiff's reply (Dkt. 17). For the reasons discussed below, Plaintiff's motion (Dkt. 11) is granted in part, the Commissioner's motion (Dkt. 12) is denied, and the case is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on January 26, 2017. (Dkt. 7 at 18, 177-189).[1]  In his applications, Plaintiff alleged disability beginning October 1, 2015.  (*Id.* at 18, 177-189).  Plaintiff's applications were initially denied on April 12, 2017.  (*Id.* at 18, 83-103).  At Plaintiff's request, a video hearing was held before administrative law judge ("ALJ") Brian Battles on November 16, 2018.  (*Id.* at 18, 33-80). Plaintiff appeared in West Seneca, New York, and the ALJ presided over the hearing from Alexandria, Virginia.  (*Id.* at 18).  On December 26, 2018, the ALJ issued an unfavorable decision.  (*Id.* at 18-28).  Plaintiff requested Appeals Council review; his request was denied on March 23, 2020, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 4-8).  This action followed.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more

---

[1]      When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id*. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ

determined that Plaintiff met the insured status requirements of the Act through December 31, 2016. (Dkt. 7 at 20). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since October 1, 2015, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: chronic obstructive pulmonary disease, diabetes mellitus, morbid obesity, clubfoot, neuropathy, and lumbar spine disorder (*Id.*). The ALJ further found that Plaintiff's medically determinable impairment of high blood pressure was non-severe. (*Id.* at 21).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.*). The ALJ considered Listings 1.0, 3.00, 9.00, and 11.00, as well as Plaintiff's obesity, in reaching this conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that:

> [Plaintiff] can only occasionally push, pull, and operate foot controls with the bilateral lower extremities. [Plaintiff] can only occasionally balance, stoop, kneel, crouch and crawl. [Plaintiff] can only occasionally climb ramps or stairs. [Plaintiff] should never climb ladders, ropes or scaffolds. [Plaintiff] should never work in an area that has concentrated exposure to extreme heat or cold. [Plaintiff] should never work in an area that has very high concentrations of dust, fumes, gases and other pulmonary irritants. [Plaintiff] should never work in hazardous environments such as at unprotected heights or around moving mechanical parts.

(*Id.* at 21-22).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 26).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of mail sorter, shipping and receiving weigher, and butter label inspector. (*Id.* at 27). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.*).

## II.   Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to remand this matter to the Commissioner, arguing that the ALJ's RFC finding is unsupported by substantial evidence because: (1) the ALJ failed to properly consider Medical Listing 1.04(A) for Plaintiff's lumbar spine injury; and (2) the ALJ improperly weighed the medical source opinions and instead substituted his own non-medical judgment as a lay person. (Dkt. 11-1). The Court has considered each of these arguments and, for the reasons discussed below, finds that the ALJ erred in his consideration of Listing 1.04(A) and that this error necessitates remand for further administrative proceedings.

### A.   The ALJ's Step Three Finding

"Plaintiff has the burden of proof at step three to show that her impairments meet or medically equal a Listing." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 272 (N.D.N.Y. 2009), *adopted*, 614 F. Supp. 2d 252 (N.D.N.Y. 2009). "To match an impairment in the Listings, the claimant's impairment must meet all of the specified medical criteria of a listing." *Loescher v. Berryhill*, No. 16-CV-300-FPG, 2017 WL 1433338, at *3 (W.D.N.Y. Apr. 24, 2017) (internal quotation and citation omitted). "If a claimant's impairment

manifests only some of those criteria, no matter how severely, such impairment does not qualify." *Rockwood*, 614 F. Supp. 2d at 272 (internal quotations and citations omitted).

An ALJ is required to provide an explanation "as to why the claimant failed to meet or equal the Listings, '[w]here the claimant's symptoms as described by the medical evidence appear to match those described in the Listings.'" *Rockwood*, 614 F. Supp. 2d at 273 (alteration in original) (quoting *Kuleszo v. Barnhart*, 232 F. Supp. 2d 44, 52 (W.D.N.Y. 2002)). "[I]t is the ALJ's responsibility . . . to build an accurate and logical bridge from the evidence to [his or her] conclusion to enable a meaningful review," and "[t]he Court cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered." *Loescher*, 2017 WL 1433338, at *3 (internal quotations and citations omitted) (second alteration in original). An ALJ's failure to provide an analysis of a claimant's symptoms with respect to the Listings can justify remand. *Monsoori v. Comm'r of Soc. Sec.*, No. 1:17-CV-01161-MAT, 2019 WL 2361486, at *3 (W.D.N.Y. June 4, 2019) (citing *Torres v. Colvin*, No. 14-CV-479S, 2015 WL 4604000, at *4 (W.D.N.Y. July 30, 2015) and *Cherico v. Colvin*, No. 12 Civ. 5734(MHD), 2014 WL 3939036, at *28 (S.D.N.Y. Aug. 7, 2014)). However, "[a]n ALJ's unexplained conclusion [at step three] of the analysis may be upheld where other portions of the decision and other 'clearly credible evidence'

demonstrate that the conclusion is supported by substantial evidence." *Ryan v. Astrue*, 5 F. Supp. 3d 493, 507 (S.D.N.Y. 2014) (citation omitted).

Here, the ALJ's entire discussion of whether Plaintiff's impairments met or medically equaled any of the relevant Listings was the following:

> The undersigned assessed the [Plaintiff's] impairments under § 1.00 Musculoskeletal System, 3.00 Respiratory Disorders, 9.00 Endocrine Disorders, and 11.00 Neurological Disorders but the medical evidence falls short of the criteria of the section, and no medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination.  The undersigned finds that these impairments, considered singly or in combination, based upon a review of the medical evidence, do not meet or medically equal any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

(Dkt. 7 at 21).  Plaintiff contends that the evidence of record shows that his lumbar spine injury meets all the requirements of Listing 1.04(A).  He argues that the ALJ erred by failing to analyze the factors in Listing 1.04(A), instead only generically referencing the broad category of Listing 1.00, and without applying any evidence to the Listing requirements.  (Dkt. 13-1 at 24).  The Court agrees.

Social Security regulations provide the following with regard to the requirements of Listing 1.04(A):

> Listing 1.04(A) requires—in addition to a spinal disorder such as a herniated disc, arthritis, degenerative disc disease, or a vertebral fracture—"[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."

*Scully v. Berryhill*, 282 F. Supp. 3d 628, 635 (S.D.N.Y. 2017) (citing Listing 1.04(A)).  The SSA "has provided further guidance regarding the assessment of Listing 1.04(A) in the

form of an Acquiescence Ruling ('AR') issued in 2015." *Monsoori*, 2019 WL 2361486, at *4; *see* SSAR 15-1(4), 80 Fed. Reg. 57418-02 (2015). Although ARs are guidance documents that do not carry the full force of law, the Supreme Court has held that an agency's interpretation of its own regulations is entitled to substantial deference. *See Kisor v. Wilkie*, ___ U.S. ___, 139 S. Ct. 2400, 2419 (2019) ("[T]he Congress delegating regulatory authority to an agency intends as well to give that agency considerable latitude to construe its ambiguous rules."); *Auer v. Robbins*, 519 U.S. 452, 462-63 (1997).

In AR 15-1(4), the SSA specifies "that for a disorder of the spine to meet listing 1.04A at step three in the sequential evaluation process, the claimant must establish the simultaneous presence of all the medical criteria in paragraph A." 80 Fed. Reg. at 57420. After these criteria are established, "the claimant must also show that this level of severity continued, or is expected to continue, for a continuous period of at least 12 months." *Id.* In other words, "when the listing criteria are scattered over time, wax and wane, or are present on one examination but absent on another, the individual's nerve root compression would not rise to the level of severity required by listing 1.04A." *Id.* The Court follows other courts in this District and finds that the SSA's finding in AR 15-1(4) is entitled to substantial deference. *See Ramirez Morales v. Berryhill*, No. 6:17-CV-06836-MAT, 2019 WL 1076088, at *4 (W.D.N.Y. Mar. 7, 2019) ("While the Court notes that the AR was issued in response to the Fourth Circuit's holding in *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), that plaintiff could meet Listing 1.04(A) even though his relevant symptoms were not always simultaneously present, the Second Circuit has not made a similar holding.

Accordingly, this Court will accord the policy position set forth in AR 15-1(4) substantial deference.").

The Commissioner argues that there was no error in the ALJ's determination because Plaintiff clearly lacked evidence to meet one of the criteria, that is, the requirement that there be a reduced range of lumbar motion. As a threshold matter, the Court cannot accept "post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself," and the ALJ did not identify a lack of evidence as to Plaintiff's reduced range of lumbar motion as the reason for his conclusion. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 234 (N.D.N.Y. 2012) (internal quotations and citation omitted)). Nevertheless, the Court disagrees with the Commissioner that the record is so clear on this point that no discussion of this Listing was even warranted.

Indeed, in the ALJ's discussion of Plaintiff's lower back pain, the ALJ discussed the records from Plaintiff's treating neurosurgeon, James Egnatchik, M.D. The ALJ described those records as follows:

> At an office visit, two months later, [Plaintiff] reported a history of lower back pain that radiated into his right lower extremity. He reported that he also experienced associated numbness and paresthesia in his bilateral feet. [Plaintiff] reported that he experienced weeklong episodes of increased pain that made it difficult to walk or get out of bed. During the physical examination, [Plaintiff] demonstrated a slow but steady gait. Additionally, [Plaintiff] demonstrated positive straight leg raise with decreased muscle strength in his right lower extremity. *He also showed evidence of decreased range of motion throughout his lumbar spine.* A lumbar MRI scan, taken months earlier, indicated disc herniation with evidence of stenosis and degenerative disc disease. [Plaintiff] was then advised to undergo additional testing to assess his lumbar complaints. Electro-diagnostic testing,

conducted a few days later, showed evidence of peripheral neuropathy and chronic right-sided radiculopathy.

(Dkt. 7 at 24) (emphasis added).   The Commissioner argues that because the record contains only a single finding of reduced range of motion, in the June 8, 2018 medical record from Dr. Egnatchik, Plaintiff is unable to demonstrate the level of severity necessary to satisfy the Listing's duration requirement.   In other words, notwithstanding the fact that, as acknowledged by the ALJ, the record contains evidence as to Plaintiff's decreased range of motion in his lumbar spine, the Commissioner contends that one record alone is not enough to demonstrate satisfaction of the Listing requirement or even require explicit consideration by the ALJ of that Listing.

        While there may ultimately be a question as to whether Plaintiff's medical evidence can satisfy the Listing's requirements, this does not obviate the need for any discussion by the ALJ of that Listing.   Moreover, by implication, the Commissioner inherently acknowledges that there is evidence suggesting that the other elements of Listing 1.04(A) appear to have been met, and Plaintiff cites record evidence for each of the necessary elements in his brief.   (Dkt. 11-1 at 20-21 (spinal disorder at Tr. 17, 491; compromise of a nerve root and evidence of nerve root compression at Tr. 491, 500-01; neuro-anatomic distribution of pain at Tr. 481, 489, 498, 553; limitation of motion of the spine at Tr. 490; motor loss at Tr. 491, 482, 498, 553; reflex or sensory loss at Tr. 482, 490, 498, 553; and positive straight leg raising test at Tr. 482, 491, 498, 553)).   In such circumstances, where there is evidence that appear to support a conclusion that most or all of the elements of a listing are met, discussion by the ALJ of that listing was warranted and the failure to do so here constitutes error warranting remand.   *See Debbie I. v. Comm'r of Soc. Sec.*, No. 19-

CV-1089-FPG, 2020 WL 6866378, at *3 (W.D.N.Y. Nov. 23, 2020) (remanding where "[d]espite this evidence suggesting that, at the very least, Plaintiff met some of the requirements of Listing 1.04, the ALJ here never discussed it"); *Nelson v. Colvin*, 114 F. Supp. 3d 69, 75 (W.D.N.Y. 2015) ("Thus, where a claimant appears to meet at least some of the requirements of a listing, the ALJ is obligated to explain his reasons for finding that the listing is not met.").

Nor is it sufficient that the ALJ referenced the broad category of 1.00 for Musculoskeletal Systems, as this cannot be a substitute for specific consideration of Listing 1.04(A), particularly where the ALJ provided only a conclusory dismissal of its applicability and the decision is devoid of any explicit discussion of the evidence supporting his conclusion. *See Monsoori,* 2019 WL 2361486, at *4 ("Moreover, it is impossible to know whether the ALJ specifically considered Listing 1.04(A), given the ALJ referenced only the general Listing of 1.00, which encompasses all musculoskeletal systems."); *Debbie I.*, 2020 WL 6866378, at *3 (finding unpersuasive the argument that a failure to explicitly consider Listing 1.04 was harmless where the general listing attributable to musculoskeletal disorders was cited, stating that, "[a]lthough the ALJ mentioned Listing 1.00, which introduces disorders of the musculoskeletal system, of which Listing 1.04 is a part, 'the conclusory reference does not give this Court any reason to believe that he specially considered that listing.'" (quoting *Courson v. Comm'r of Soc. Sec.*, No. 18-CV-1262, 2020 WL 85126, at *5 (W.D.N.Y. Jan. 7, 2020)); *Ramirez Morales v. Berryhill*, No. 17-cv-6836, 2019 WL 1076088, at *4 (W.D.N.Y. Mar. 7, 2019) ("Because

the ALJ did not refer to the Listing specifically, the Court cannot determine whether the ALJ properly considered it.").

Accordingly, because the ALJ failed to make clear that he specifically considered whether Plaintiff met Listing 1.04(A) and there is evidence in the record suggesting its applicability, remand of this matter is appropriate.

B. **Plaintiff's Remaining Argument**

As set forth above, Plaintiff has identified additional reasons why he contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020) (declining to reach arguments concerning whether ALJ's findings were supported by substantial evidence where the court had already determined that remand was necessary); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019) (declining to reach argument concerning whether RFC was supported by substantial evidence where the court had already determined the ALJ had erred at step three analysis in evaluating whether plaintiff had met the requirements under a listing).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 11) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's

motion for judgment on the pleadings (Dkt. 12) is denied.  The Clerk of Court is directed

to enter judgment and close this case.

      SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:  May 26, 2021
      Rochester, New York